UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER W. MALPASS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMBILE INSURANCE COMPANY,<br><br>Defendant. | No. 2:17-cv-00279-SAB<br><br>**ORDER DENYING MOTION FOR REMAND** |

Before the Court is Plaintiff's Motion to Remand, ECF No. 5. A hearing on the motion was held on October 12, 2017. Plaintiff was represented by John M. Randolph. Defendant was represented by Laura Hawes Young.

## BACKGROUND

Plaintiff was a passenger in a car accident in which he sustained serious injuries. The driver of the car had an insurance limit of $25,000. Plaintiff settled with the driver's insurance company. The driver of the car that hit them and was subsequently determined to be the most at fault did not have insurance. Plaintiff sought uninsured motorist benefits from his own insurance company, Defendant State Farm Automobile Insurance Company. It denied the claim, believing that the value of Plaintiff's claim was covered by the amount of the settlement he received.
//

**ORDER DENYING MOTION FOR REMAND ~** 1

Plaintiff sued Defendant in Spokane County Superior Court, alleging a breach of contract claim and a bad faith claim. Defendant removed this action to the Eastern District of Washington, citing diversity jurisdiction. Defendant is incorporated in Illinois and its principal place of business is Illinois. Although the amount of damages is not specified in the Complaint, Plaintiff is alleging general and special damages, treble damages, and attorneys fees. He alleges he has suffered serious injuries including broken bones, permanent scaring and permanent damage to the range of motion in his finger.

In March, 2017, Plaintiff's counsel sent a letter to Defendant indicating his willingness to settle with Defendant for $105,000. ECF No. 10, Ex. A. A second letter was sent in May, 2017, reiterating a demand for $105,000. ECF No. 10, Ex. B. In his reply to the Motion to Remand, Plaintiff indicated that he was willing to accept $74,999 to resolve all claims including attorneys' fees and extra contractual claims. ECF No. 8-3.

## LEGAL STANDARD

### A. Legal Standard

28 U.S.C. § 1441(a) permits a party to a civil action that is brought in state court to remove the action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal.

28 U.S.C. § 1332(a) provides that a district court shall have original jurisdiction over all civil actions where: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and (2) the matter is between citizens of different states. Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Where doubt regarding the right to removal exists, a case should be remanded to state court. *Id.* The Court can consider facts presented

**ORDER DENYING MOTION FOR REMAND ~ 2**

in the removal petitions as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* Conclusory allegations as to the amount in controversy are insufficient.

Subsection (c) provides that in the case of any direct action against the insurer of a policy or contract of liability insurance, whether incorporate or unincorporated, to which action the insured is not joined as a party-defendant,

such insurer shall be deemed a citizen of—

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business.

28 U.S.C. § 1332(c).

## ANALYSIS

Here, the Court finds that federal diversity jurisdiction exists in this case. Defendants have established the amount in controversy by submitting the March, 2017 and May, 2017 demand letters, notwithstanding Plaintiff's recent offer of settlement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) (district court jurisdiction is not defeated where plaintiff reduces the claim below the requisite amount by stipulation, affidavit, or amendment after removal)

Moreover, Plaintiff's claim is not a direct action against an insurer subject to 28 U.S.C. § 1332(c). *See Serles v. Cinncinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) ("[A] "first party" insurance action, or a suit by an insured against an insurer, is not a "direct action."); *Beckham v. Safeco Ins.*, 691 F.2d 898, 902 (1982). Plaintiff is suing his own insurer for damages related to his UIM claim and its alleged bad faith. As such, § 1332(c)(1) does not preclude diversity jurisdiction in this case.

//

**ORDER DENYING MOTION FOR REMAND ~ 3**

Also, it is well-established that subject matter jurisdiction of the district court is not a waivable matter. *Insur. Corp of Ireland, LTD v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant."). It follows then that the principles of estoppel do not apply in determining whether federal subject matter jurisdiction exists. *Am. Fire & Causaulty Co. v. Finn*, 341 U.S. 6, 17 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.").

Finally, the Court does not interpret Section 1b(1)[1] of the Policy as a forum selection clause. Rather, the clause indicates that a lawsuit must be filed, as

---

[1] **Deciding Fault and Amount**
1. a. The *insured* and *we* must agree to the answers to the following two questions:
    (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the underinsured motor vehicle?
    (2) If the answer to 1.a(a) above I yes, then what is the amount of compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle?*
   b. If there is no agreement on the answer to either question in 1.a above, then the *insured shall:*
    (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
        (a) *us*; and
        (b) any other *person* or organization, including the owner or driver of the *underinsured motor vehicle*, who may still be legally liable to the *insured* for the *insured's damages.*
    (2) consent to a jury trial if requested by *us*;
    (3) agree that *we* may contest the issues of liability and the amount of damages; and
    (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeal, if any appeals are taken.

**ORDER DENYING MOTION FOR REMAND ~ 4**

opposed to arbitration or mediation, but does not designate the specific court where it must be filed. There is no language in the clause that suggests the dispute is to be determined by the court of the insured's choosing.

Because Defendant has met its burden of establishing the amount of controversy by a preponderance of the evidence and the parties are citizens of different states, the Court has subject matter jurisdiction to hear this case.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand, ECF No. 5, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 30th day of October 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR REMAND ~ 5**